**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

REGINALD D. BAKER,  )
  )
    Appellant-Defendant,  )
  )
        vs.  )    No. 02A05-1301-CR-32
  )
STATE OF INDIANA,  )
  )
    Appellee-Plaintiff.  )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1208-FD-1143

**August 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Reginald D. Baker appeals his three-year aggregate sentence following his convictions for domestic battery, as a Class D felony, and strangulation, as a Class D felony, following a bench trial. Baker raises a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 11, 2012, Baker verbally abused his girlfriend, C.B., with whom he lived, accusing her of infidelity. C.B.'s fourteen-year-old daughter, T.B., heard the abuse and tried to intervene. But Baker was not deterred and proceeded to physically abuse C.B. Among other things, Baker strangled C.B., and he repeatedly punched the side of her head. C.B. later testified that her throat and face hurt for several days following the attack.

On August 16, the State charged Baker with domestic battery and strangulation, each as a Class D felony. Following a bench trial in December, the court found Baker guilty as charged. The court ordered Baker to serve three years, with two and one-half years executed, on each count, to run concurrently for an aggregate term of three years with two and one-half years executed. This appeal ensued.

## DISCUSSION AND DECISION

Baker argues that his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a

sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Baker's three-year aggregate sentence is not inappropriate. Baker verbally and physically abused C.B. such that she was in pain for several days afterward, and he did so in front of C.B.'s minor daughter, who had attempted to intervene and break-up Baker's

attack on C.B. Here, Baker was convicted of two felonies. Baker's criminal history consists of six prior convictions since 1998: one prior felony conviction for possession of a controlled substance, and five prior misdemeanors, including a prior conviction for domestic battery against C.B. And he admitted at sentencing that he regularly uses marijuana. While Baker's military service between 1989 and 1993 is commendable, it does not negate his character over the last twenty years. In light of the nature of the offenses and his character, we cannot say that Baker's three-year sentence, with two and one-half years executed, is inappropriate.

Affirmed.

MATHIAS, J., and BROWN, J., concur.